IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES SMITH,

                                            ORDER

        Petitioner,

                                          08-cv-436-bbc

   v.

TOM RUBENZER,

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner James Smith, a patient at the Sand Ridge Secure Treatment Center, has filed a proposed complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. In addition, he has submitted a petition and affidavit to proceed without prepayment of fees and costs.

In his affidavit, petitioner states that he is employed by the institution. However, he does not indicate the amount of his wages or whether he has had any other deposits to his account in the recent past. This court uses one method for determining the indigent status of all institutionalized persons, even those like petitioner who are not subject to the 1996 Prison Litigation Reform Act. See Longbehn v. United States, 169 F.3d 1082 (7th Cir. 1999). From a six-month resident account statement covering the full six-month period immediately preceding

1

the filing of the petitioner's complaint, the court calculates two amounts, 20% of the petitioner's average monthly income and 20% the petitioner's average monthly balance. Whichever amount is greater is the amount the petitioner will have to prepay toward the $350 filing fee. He will qualify for indigent status with respect to the remainder of the fee. (The in forma pauperis statute does not permit a court to waive entirely a petitioner's obligation to pay filing fees. All it does is allow a court to grant qualifying individuals leave to proceed without *prepaying* some or all of the filing fee.) Petitioner has not provided a resident account statement in support of his requests for leave to proceed in forma pauperis. He will have to do so if he intends to pursue his request. Because petitioner's complaint was submitted on July 28, 2008, his resident account statement should cover the period beginning approximately January 28, 2008 and ending approximately July 16,2008. If petitioner fails to submit the required statement within the deadline set below, I will assume he does not wish to proceed with this action and this case will be closed.

ORDER

IT IS ORDERED that petitioner may have until August 19, 2008, in which to submit a certified copy of his resident account statement beginning approximately January 28, 2008 and ending approximately July 28, 2008. If, by August 19, 2008, petitioner fails to submit the required statement or show cause of his failure to do so, I will assume that he wishes to withdraw

this action voluntarily and, in that case, the clerk of court is directed to close this file without prejudice to petitioner's filing his case at a later date.

Entered this 29th day of July, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3